IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


DELTA TOWING, LLC, *et al.*,          :
    Plaintiffs,                        :
                                       :
vs.                                    :   CIVIL ACTION 15-128-KD-M
                                       :
MIKE HOOKS, INC. *et al.*,             :
    Defendants.                        :


REPORT AND RECOMMENDATION


Pending before the Court are three[1] Motions to Dismiss requesting the dismissal of the petition for exoneration from or limitation of liability filed by Mike Hooks, Inc. (*See* Motions at Docs. 57, 61, 62), (*See* Petition at Doc. 51). The Motions to Dismiss have been referred to the undersigned for report and recommendation under 28 U.S.C. 636(b)(1)(B) and Local Rule 72.2. After careful

---

[1] The first Motion to Dismiss was filed by Delta Marine Services, Inc., and Delta Towing, LLC, ("Delta"). (Doc. 57). Attached to that Motion is a thorough brief setting out the facts and law based on evidentiary exhibits. (*See* Docs. 57-1, -2, -3, -4, -5). Subsequently, Claimants Billy Lee and James McBroom filed their own separate Motions to Dismiss, both of which adopt by reference the Delta Motion, brief, arguments, analysis, footnotes and exhibits included therein. (*See* Docs. 61, 62). For clarity, and from this point forward, the Court will reference the three Motions as "the Motions," even though Delta's Motion is the only Motion of the three to provide the Court with any legal or factual analysis. Each Motion to Dismiss will be shown and treated as granted on the docket sheet.

consideration of the pleadings, the Motions to Dismiss, Responses and Replies, it is recommended that the Motions to Dismiss be granted, and Mike Hooks, Inc.'s Petition for Exoneration From and Limitation of Liability be dismissed with prejudice for lack of subject matter jurisdiction since the petition was untimely filed.

FACTS and PROCEEDINGS

The facts underlying the instant Motions stem from the capsizing of two boats, the M/V DELTA AMBER and M/V NICHOLAS, in the Mobile Ship Channel on October 13, 2014. It is undisputed that at all material times, Delta Towing, LLC, ("Delta"), owned the M/V DELTA AMBER, and Mike Hooks, Inc., ("Hooks"), is the owner of the M/V NICHOLAS. (Docs. 57-1 at 2). On October 13, 2014, Claimant Billy Lee was a seaman and member of the crew of the M/V DELTA AMBER. (Doc. 61 at 2). Claimant James McBroom was employed by Mike Hooks as a boatman and was aboard the M/V NICHOLAS when it was realized that she was unseaworthy. Mike Hooks, Inc., and/or its employees, directed the M/V DELTA AMBER to tow the M/V NICHOLAS, which the M/V DELTA AMBER did. Once the vessels were fasted to each other, and all crew members from both vessels were aboard the M/V DELTA AMBER, conditions occurred which caused both vessels to capsize resulting in the crews of both vessels dismounting into the

open waters of Mobile Bay.  Both vessels sank to the bottom of Mobile Bay, and the crew was rescued by the Coastguard.  (Doc. 66-4).  Upon rescue, they were offered medical treatment onshore by emergency medical personnel. (Doc. 66).  Included in the crew who went overboard were claimants Billy Lee and James McBroom, among others.

Claimants Billy Lee, James McBroom and his wife, Kayla McBroom, have claimed personal injuries and damages stemming from the incident.  Both Delta and Hooks have filed petitions for exoneration from or limitation of liability regarding the alleged injuries by the abovementioned claimants.  (Doc. 3, 51).  Initially, at least three different actions regarding this incident were filed with the Court- all were consolidated into the present action.  (*See* Docs. 11, 29, 50, 51).  At issue in the Motions to Dismiss is whether Hooks' petition was timely filed inside the six-month limitations period.  To answer that question, it must be determined whether Hooks received written notice of a claim sufficient to trigger the six-month limitations period.

The capsizing incident wherein claimants were injured occurred on October 13, 2014.  Kevin Hirschfield with H&H Claims Consultants was assigned by Hooks to investigate and handle the "sinking of the tender boat Nicholas while being

3

towed by the Delta Amber." (Doc. 57-2). Michael Bush Sr., with M.G. Bush Safety and Claims was assigned by Delta to handle the claim regarding the M/V DELTA AMBER. (*Id.*). As early as October 31, 2014, Hirschfield, via emailed letter, wrote Bush to place Bush and Delta on "notice for any and all costs associated with the matter, including but not limited to damages, repair costs, salvage/recovery fees, surveyor fees, vessel downtime, etc. (*Id.*).

McBroom hired attorney Taylor Hale to represent him in recovery for his injuries. On November 6, 2014, Hale sent Mike Hooks, Inc. a letter indicating his representation of McBroom regarding the capsizing incident. (Doc. 57-3). The letter mentions the involvement of the M/V DELTA AMBER, but not the M/V NICHOLAS. The letter also states that it serves as notice to Hooks that all future correspondence in reference to the incident should be directed to Hale and his office as legal representatives of the McBrooms. (*Id.*). The letter closes with the request that copies of any and all statements, whether oral, recorded or written, which have been obtained from anyone in connection with the accident be forwarded to Hale and his office. (*Id.*).

On November 12, 2014, Hale wrote Hirschfield a letter stating that he represents McBroom "in his claim for personal injuries suffered as a result of an accident

4

occurring on October 13, 2014, aboard the M/V DELTA AMBER." (Doc. 57-3). Hale requested that copies of all statements obtained as a result of the incident be forwarded to him. (*Id.*). Hale closed the letter stating, "[a]s we discussed, Mr. McBroom suffered personal injuries, including mental and psychological injuries, as a result of this accident, and therefore I request authorization for Mr. McBroom to be evaluated by his family physician for a recommendation of a treatment course as soon as possible." (*Id.*).

Notably, on November 18, 2014, Hirschfield emailed Bush a letter indicating that since his first October 31, 2014, letter to Bush, Mike Hooks, Inc., "has received the attached correspondence from W. Taylor Hale of the Hale Law Firm in Lake Charles, Louisiana. As you will note per the attached,[2] Mr. Hale advises that he represents Mr. James McBroom for personal injuries suffered during the incident in question. Please note that Mr. McBroom was serving as a deckhand onboard the NICHOLAS at the time of the sinking in question. Mr. McBroom has since resigned his employment with Mike Hooks, Inc. and retained counsel." (Doc. 57-3 at 1). The letter further states "[w]e understand per our conversation with Attorney Hale that Mr. McBroom's injuries

---

[2] The referenced attachment is the November 6, 2014 letter from Hale to Mike Hooks, Inc. previously referenced, *supra,* p. 3.

5

are 'mental and psychological' in nature.  Subsequent to our conversation with Mr. Hale, he forwarded the attached November 12, 2014, correspondence, which requested that Mike Hooks, Inc. authorize Mr. McBroom's referral to his primary care physician for recommendations for a course of treatment.  Mike Hooks, Inc. intends to authorize this initial evaluation once additional details on the claimant's primary care physician are received. Additionally, per our conversation with Attorney Hale, we have been advised that he will also be issuing a letter of representation directed to your client, and therefore we expect that you will be receiving same in the near future." (*Id.* at 1-2).  The letter closed with Hirschfield stating that "the purpose of this correspondence is to place Delta Marine Service, Inc. and the M/V DELTA AMBER on notice for any all costs expended by Mike Hooks, Inc. in relation to this alleged injury claim."  (*Id.*).

On June 26, 2015, some seven months after Hale sent his first letter to Mike Hooks, Inc., Hooks filed a petition for exoneration from or limitation of liability (Doc. 51), to which Delta filed a Motion to Dismiss for lack of jurisdiction due to the petition being filed outside the statutory six month limitations period. (Doc. 57).  Claimants Billy Lee and the McBrooms joined in

6

Delta's Motion to Dismiss.  (Docs. 61, 62).  Mike Hooks, Inc. filed its Response to the Motions, (Doc. 66), and Delta filed its Reply thereto.  (Doc. 69).  The Motions have been briefed and are ripe for consideration.

## DISCUSSION

Section 30511(a) of Title 46 of the United States Code states that any action for limitation of liability brought by an owner of a vessel "must be brought within 6 months after a claimant gives the owner written notice of a claim."  The vessel owner must file a complaint in the appropriate district court within six months after receipt of a written notice of a claim and must deposit with the court a sum equal to the value of the owner's interest in the vessel.  *See* Supplemental Admiralty and Maritime Claims Rule F of the Federal Rules of Civil Procedure; *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438 (2001).  "The time limit imposed by [this section] is strictly enforced," *Paradise Divers v. Upmal,* 402 F.3d 1087, 1090 (11th Cir. 2005), and the remedy for noncompliance with its statute of limitations is dismissal of the action. *Id.* at 1089, 1091.

All claims concerning the vessel must thereafter be filed in federal court, which hears the case without a jury and determines whether the owner is liable and entitled to limit liability to the value of the vessel and its freight.

7

*Lewis* at 448. Again, the six-month limitations period is strictly enforced and is triggered when the owner receives written notice of the claims. 46 U.S.C. § 30511(a).

Hooks asserts that the Hale letters did not provide written notice sufficient to place him on notice that McBroom would be filing a claim against the vessel owner. In turn, Hooks contends that the six-month limitations period was not triggered because Hale's letters were merely a request for cure instead of notice of a claim.

While the Limitation of Liability Act does not define what constitutes written notice of a claim, the Eleventh Circuit recognizes two common and similar methods for determining the sufficiency of a notice of claim under the Act, namely, the *Doxsee* and *Moreira* tests. Under the *Doxsee* test, "notice will be sufficient if it informs the vessel owner of an actual or potential claim . . . which may exceed the value of the vessel . . . and is subject to limitation." *Upmal,* 402 F.3d 1087, 1090(*citing Doxsee Sea Clam Co. v. Brown,* 13 F.3d 550, 554 (2d Cir. 1994). In *In re Complaint of McCarthy Bros. Co./Clark Bridge,* 83 F.3d 821, 829 (7th Cir. 1996), the Seventh Circuit cited *Doxsee* as the "most authoritative case," and adopted its standard. The Seventh Circuit clarified that "the written notice must reveal a 'reasonable possibility' that the claim made is

8

one subject to limitation." *Id.* (*citing In re Complaint of Tom-Mac, Inc.,* 76 F.3d 678, 683 (5th Cir. 1996).

"The second test of sufficiency is found in many district court cases: the writing must (1) demand a right or supposed right; (2) blame the vessel owner for any damage or loss; and (3) call upon the vessel owner for anything due to the claimant." *See Rodriguez Moreira v. Lemay,* 659 F.Supp. 89, 91 (S.D.Fla. 1987). Under either test, this Court concludes that the Hale letters were sufficient to put Hooks on notice of McBroom's potential claim as early as November 6, 2014, but not later than, November 18, 2014. The writings also provided sufficient notice that actual or potential claims could likely exceed the value of the vessel NICHOLAS, which was estimated to be a mere $12,000 at the time of the capsizing. (Doc. 51 at 6). Assuming that November 18, 2014, is the first and latest date on which Hooks learned of the McBrooms' potential claim, the petition was filed some seven months and eight days after such notice was received, and is, therefore, untimely and due to be dismissed.

### The *Doxsee* Test

*Doxsee* requires notice sufficient to inform the vessel owner of an actual or potential claim, which may exceed the value of the vessel and which is subject to limitation.

9

*Doxsee Sea Clam Co. v. Brown,* 13 F.3d 550, 554 (2d Cir. 1994). After the NICHOLAS capsized, Hooks hired a third party claim consulting company, H&H Claims Consultants, whose letter from H&H to Hooks plainly acknowledges that Hooks was aware of the claims asserted against it by McBroom. The letter, in no uncertain terms, addresses McBroom's status as a deckhand aboard the NICHOLAS, Hale's representation of McBroom, his claim for personal injuries suffered as a result of the incident, and that the injuries are mental and physical in nature. (Doc. 57-3 at 1).

Hooks contends that neither of Hale's letters to Hooks or H&H mention the NICHOLAS, but only the DELTA AMBER; that no indication of the extent or value of his injuries were mentioned; or that any claim or damage might be subject to limitation. (Doc. 66 at 4). Hooks states that, at most, the letters simply request Hooks to authorize initial medical treatment as McBroom's employer, and that such treatment is "cure" and not subject to limitation. (*Id.*).

Hooks further states that the purpose of requiring precision in the written notice requirement is twofold: 1) to allow the vessel to be surrendered to a trustee, or to post security in the amount of the value of the vessel and its freight; and 2) to preserve the vessel owner's right to file a petition for exoneration or limitation of liability

which the owner could not do if the claimant sent a cryptic letter insufficient to notify the vessel owner of a claim. (Doc. 66 at 4-5).

Though the Court agrees with the purpose of precision in notice-giving, it is not persuaded by Hooks' arguments otherwise.  In keeping with precedent, the six-month limitation period will be strictly enforced.  It is plain to the Court that Hooks was on notice of the potential claim because it hired and had written communications with H&H Claims Consultants regarding the potential claim well before the limitations period expired.  It is also plain to the Court that McBroom's potential injuries would exceed the $12,000 value of the vessel.  Though neither Hale letter provided a precise figure on the alleged damages sought, common sense and a general working knowledge of today's economy and medical care costs would tell any reasonable person that the injuries incurred due to the capsizing of a vessel would easily exceed the very modest amount of $12,000.  *See Upmal,* 402 F.3d 1087, 1091 (11th Cir. 2005)("it would be unreasonable to conclude that Upmal's claim did not exceed the modest value of the vessel, which was $50,000").

As a whole, the *Doxsee* test requires that notice provided be "sufficient to inform [the vessel owner] of the

reasonable possibility that a damages claim for personal injury in excess of the value of the vessel would be brought by [the claimant]." *Doxsee,* 13 F.3d 550, 554 (2d Cir. 1994). Considering all of the communications between Hale, Hooks and Hirschfield, and given the seriousness of the facts underlying the Motions, the Court concludes that the Hale letters did provide the vessel owner with the "reasonable possibility" that McBroom could claim damages in excess of $12,000. Therefore, the six-month limitations period to file a petition for exoneration from or limitation of liability was triggered as early as November 6, 2014, but not later than November 18, 2014, and Hooks' petition is therefore untimely.

*Moreira*

Under *Moreira*, the Court likewise finds that the notice provided by Hale was sufficient. *Moreira* requires that a claimant's written notice demand a right, blame the vessel owner for any damages or losses and call upon the vessel owner for anything due the claimant. *Rodriguez Moreira v. Lemay,* 659 F.Supp. 89, 91 (S.D.Fla. 1987). The Court is in agreement with Delta that the H&H letter from Hirschfield to Hooks, and the letters from Hale, were sufficient to put Hooks on notice of the McBrooms' claims. Furthermore, the Hirschfield letter to Hooks states

"[p]lease note that the purpose of this correspondence is to place Delta Marine Service, Inc. and the M/V DELTA AMBER on notice for any and all costs expended by Mike Hooks, Inc. in relation to this alleged injury claim." (Doc. 57-3). While the language in Hirschfield's letter is not at issue, it nonetheless proves that the two Hale letters were interpreted by Hooks and Hirschfield as notice of a potential claim for which recovery from Hooks would be sought by McBroom.

In sum, the Court finds Hooks' assertion that it lacked notice of potential injury claims to be inconsistent with its actions following the casualty. Hooks' position that it was not on notice of any potential claim from the October 13, 2014 incident, despite having a vessel sink to the bottom of Mobile Bay, having three crew members bobbing in the open waters of Mobile Bay, receiving the Hale letters on behalf of a former crew member, hiring an adjuster/claims handler to handle the matter on its behalf, and having said claim handler correspond with Delta in order to place them on written notice of any costs expended in relation to the incident, is unreasonable in the Court's opinion. The assertion that the Hale letters were merely a request for cure is also inconsistent with the course of action Hooks took after the incident. Considered in total,

13

the whole tenor of the Hale letters could not be reasonably taken to be anything other than notice, and said notice provided was sufficient to trigger the six-month limitations period to file a petition.

## Ambiguity Inquiry

In its Reply, Delta notates a final point in *Upmal* in which the parties in that case were in agreement that where an alleged notice of claim is ambiguous, the law requires the vessel owner to oblige the claimant to make his position clear, or else the limitations period may not be triggered.  The Second Circuit also addressed the issue stating, "it is indeed reasonable to require [the vessel owner] to make the claimant define his position.  If the claimant refuses to do so, it may be that the period does not begin to run until" an explanation is provided.  *In re Allen N. Spooner & Sons, Inc.,* 253 F.2d 584, 586-87*** (1958). *See also Complaint of Morania Barge No. 190, Inc.,* 690 F.2d 32 (2d 1982)(adopting *Spooner*).

Though the Court in *Upmal* did not ultimately reach the issue of such ambiguity, the instant record does not reflect that Hooks was unclear as to the purpose of the letters, or that it requested any clarification from any claimant where any communication could have been read as ambiguous.

14

Therefore, because Hooks was on notice of the potential claim no later than November 18, 2014, and because Hooks failed to address any alleged ambiguity at any point preceding these Motions, the Court finds that its petition for exoneration from or limitation of liability was untimely filed outside the six-month limitations period; hence, this Court is without subject matter jurisdiction. It is therefore recommended that the Motions to Dismiss be granted and the petition be dismissed.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); F̲ED̲.R.C̲IV̲.P. 72(b); S.D. A̲LA̲. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

15

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 25th day of September, 2015.

                                      s/ BERT W. MILLING, JR
                                      UNITED STATES MAGISTRATE JUDGE