UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF DELTA TOWING, )<br>LLC, AS OWNER OF THE M/V DELTA )<br>AMBER, AND DELTA MARINE SERVICE, )<br>INC., AS PURPORTED OWNER, )<br>BROKER, CHARTERER, OR *PRO HAC* )<br>*VICE* OWNER OF THE M/V DELTA )<br>AMBER, FOR EXONERATION FROM )<br>OR LIMITATION OF LIABILITY. ) | CIVIL ACTION NO. 15-00128-KD-M |
| MIKE HOOKS, INC., and )<br>GULF COAST MARINE, LLC, )<br>         )<br>   PLAINTIFF, )<br>         )<br>V. ) <br>         )<br>DELTA TOWING, LLC and )<br>DELTA MARINE SERVICES, INC. )<br>         )<br>   DEFENDANTS. ) | CIVIL ACTION NO. 15-00136-KD-N |
| BILLY LEE, )<br>         )<br>   PLAINTIFF, )<br>         )<br>v. )<br>         )<br>MIKE HOOKS, INC., OWNER OF THE )<br>M/V NICHOLAS, *in personam*. )<br>         )<br>   DEFENDANT. ) | CIVIL ACTION NO. 15-00295-KD-N |
| IN THE MATTER OF MIKE HOOKS, )<br>INC., AS OWNER OF THE M/V )<br>NICHOLAS, PETITIONING FOR )<br>EXONERATION FROM, OR )<br>LIMITATION OF LIABILITY. ) | CIVIL ACTION NO. 15-00330-KD-B |

**ORDER**

This action is before the Court on Gulf Coast Marine, LLC's ("Gulf Coast Marine") motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2). (Doc. 47). This litigation arises out of the capsizing and sinking of the dredge tender NICHOLAS, and the tug DELTA AMBER. The NICHOLAS was

1

owned and operated by Mike Hooks, Inc., and the DELTA AMBER was owned and operated by Delta Towing, LLC and Delta Marine Services, Inc.

Gulf Coast Marine seeks to intervene in *Billy Lee v. Mike Hooks, Inc., Owner of the M/V NICHOLAS, in personam,* 15-CV-00295-KD-N (S.D. Ala. 2015), which was previously consolidated with several other related cases. (*See* Doc. 50). Billy Lee is the sole plaintiff, and Mike Hooks, Inc. is the sole defendant in 15-CV-00295-KD-N. (Doc. 30 at 1). Movant Gulf Coast Marine, identifies itself as the issuer of a policy of Hull and Protection and Indemnity Insurance to Defendant Mike Hooks, Inc. (Doc. 47 at 1).

Rule 24(a)(2) of the Federal Rules of Civil Procedure requires a third party moving for intervention of right show: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. *Huff v. Comm'r of IRS,* 743 F.3d 790, 795 (11th Cir. 2014)(internal citations and quotations omitted).

Even if Gulf Coast Marine has a legally recognizable interest, it has not established that its "interest" is not adequately represented by the Defendant Mike Hooks, Inc. Mike Hooks, Inc. and Gulf Coast Marine's interests are identical: to defend against Mike Hooks, Inc.'s potential liability in this matter. As the Middle District of Alabama has explained:

> The requirement that an intervenor not be adequately represented by existing parties "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). "However 'minimal' this burden may be, it cannot be treated as so minimal as to write the requirement completely out of the rule." *Bush,* 740 F.2d at 355. " 'When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance.' " *Id.* (*quoting Commonwealth of Virginia v. Westinghouse Electric Corp.,* 542 F.2d 214, 216 (4th Cir.1976)) (intervening citations omitted). The party seeking intervention must "contribute" something to the "lawsuit beyond underlining the positions already taken" by the current parties. *Bush,* 740 F.2d at 357.

*Wyatt By & Through Rawlins v. Hanan*, 170 F.R.D. 189, 192 (M.D. Ala. 1995). Further, the Eleventh Circuit has held:

> We will find that representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty…This court will presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention.

*Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993)(internal quotations and citations omitted).

Accordingly, as Gulf Coast Marine has not made a showing that any interest it may have is not adequately represented by current Defendant Mike Hooks, Inc., the motion to intervene (Doc. 47) is **DENIED**.

**DONE** and **ORDERED** this **2**nd day of **October 2015**.

        **s/ Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**