UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF DELTA TOWING, ) <br> LLC, AS OWNER OF THE M/V DELTA ) <br> AMBER, AND DELTA MARINE SERVICE,) <br> INC., AS PURPORTED OWNER, ) <br> BROKER, CHARTERER, OR *PRO HAC* ) <br> *VICE* OWNER OF THE M/V DELTA ) <br> AMBER, FOR EXONERATION FROM ) <br> OR LIMITATION OF LIABILITY. ) | CIVIL ACTION NO. 15-00128-KD-M |
| MIKE HOOKS, INC., and ) <br> GULF COAST MARINE, LLC, ) <br>     PLAINTIFF, ) <br> ) <br> V. ) <br> ) <br> DELTA TOWING, LLC and ) <br> DELTA MARINE SERVICES, INC. ) <br>     DEFENDANTS. ) | CIVIL ACTION NO. 15-00136-KD-N |
| BILLY LEE, ) <br>     PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> MIKE HOOKS, INC., OWNER OF THE ) <br> M/V NICHOLAS, *in personam.* ) <br>     DEFENDANT.[1] ) | CIVIL ACTION NO. 15-00295-KD-N |

**ORDER**

This action is before the Court on Plaintiff Billy Lee's motion to amend his complaint[2]

(doc. 30) to allege unseaworthiness as to the M/V Nicholas and the M/V Delta Amber,

---

[1] *In the Matter of Mike Hooks, Inc., as Owner of the M/V Nicholas, Petitioning for Exoneration from, or Limitation of Liability*, Civil Action No. 15-00330-KD-B, was dismissed October 26, 2015 (doc. 86).

[2] In the original complaint, Lee alleged a claim of negligence against Mike Hooks, Inc. (doc. 30), p. 4).

negligence *per se*, and Jones Act Negligence against Defendant Mike Hooks, Inc. (doc. 102), the response in opposition filed by Hooks (doc. 106), and Lee's reply (doc. 113). Upon consideration and for the reasons set forth herein, the motion is **GRANTED** and Lee shall file his first amended complaint on or before **May 23, 2016**.

Pursuant to the Rule 16(b) Scheduling Order, the deadline for amendment of pleadings expired November 20, 2015. Lee's motion was filed on February 19, 2015 approximately three months beyond the deadline. Therefore, the Court applies the "good cause" standard found in Fed. R. Civ. P. 16(b)(4), which provides for modification of the Rule 16(b) Scheduling Order "only for good cause and with the judge's consent". The "good cause" requirement "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir.1998) (citation and internal quotation marks omitted). Generally, "[t]o establish good cause, the party seeking the extension must have been diligent." *Romero v. Drummond Co*., 552 F.3d 1303, 1319 (11th Cir. 2008). Diligence and not lack of prejudice to the opposing party, determines whether the schedule should be modified. *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) ("In short, diligence is the key to satisfying the good cause requirement.").

Lee argues that good cause exists to allow the amendment because discovery of facts, unknown at the time of his original complaint, support the additional causes of action against Hooks. Lee points out that after depositions in late January 2016 and receipt of the Coast Guard Incident Investigation Report, he learned the extent of Hooks' actions and inactions and the nature and extent of its control over the M/V Delta Amber.

Hooks argues[3] that lack of diligence in pursuing discovery precludes a finding of good cause and that Lee cannot meet his burden to show the requisite diligence. Hooks points out that "Lee did not propound any discovery to Mike Hooks, insist on depositions to be taken, keep to his first deposition scheduled for September 15, 2015 (which he unilaterally cancelled), or request an extension of the amendment deadlines." (Doc. 106, p. 4, parenthetical in original)

Review of the docket indicates that on two occasions, the parties jointly moved to continue the deadlines set forth in the Rule 16(b) Scheduling Order. Although these joint motions were filed after the deadline for amendment to pleadings, in each motion, the parties state that they all diligently pursued discovery (doc. 91, "the parties have diligently pursued discovery in this case"; doc. 107, "Through today's date all parties have been diligent in discovery efforts . . . Given all parties have diligently pursued discovery …"). Both motions were granted, and upon granting the latter, the trial was continued from the October 2016 trial term to the January 2017 trial term. Discovery now ends August 5, 2016 and dispositive motions are due August 26, 2016 (doc. 110). Upon consideration of the foregoing joint representations of the parties and Lee's representations in the motion to amend, the Court finds that Lee has exercised diligence in pursuing discovery and that good cause exists for allowing a modification to the Scheduling Order for the narrow purpose of allowing Plaintiff Lee to amend his complaint.

Now, the Court must determine whether leave to amend should be granted. *See* Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), the Supreme Court explained that leave should be given "[i]f the underlying facts or circumstances relied

---

[3] Hooks also argues that Lee cannot file any new pleadings because Civil Action No. 15-00295-KD-N was "administratively closed pending resolution of the limitation of liability proceeding". This argument is misplaced. The consolidation order states, in relevant part, that the "consolidated action shall proceed under the lower case number for all purposes" (doc. 29). The consolidation order did not stay the proceedings.

3

upon by the plaintiff may be a proper subject for relief." *Foman*, 371 U.S. at 182. Therefore, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim.App.*, 256 F.3d 1266, 1274 (11th Cir.2001). Generally, a district court may deny leave to amend where there is a "substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (brackets in original) quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir.1999) (quoting *Foman*, 371 U.S. at 82, 83 S.Ct. at 230)).

The only factor that merits consideration is whether allowing Lee to amend his complaint would be futile. In this Circuit, "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Therefore, a "district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." *Christman v. Walsh,* 416 Fed.Appx. 841, 844 (11th Cir. 2011); *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007). To reach a decision, the district court must accept "the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Nunez v. J.P. Morgan Chase Bank*, 2016 WL 1612832, at *1 (11th Cir. Apr. 22, 2016) (quoting *Ironworkers Local Union 68 v. AstraZeneca Pharm.*, LP, 634 F.3d 1352, 1359 (11th Cir.2011)). "Even when assertions in a complaint are arguably ambiguous, they should be construed in the light most favorable to the plaintiff." *Id*. (citing *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1083–84 (11th Cir.2002). "To survive a

4

motion to dismiss, a complaint need only contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face' and must 'raise a right to relief above the speculative level.'" *Id.,* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555, 127 S.Ct. 1955, 1974 (2007). Overall, if the proposed amended complaint could not survive scrutiny under Rule 12(b)(6), then allowing the amendment would be futile and the motion for leave to amend should be denied. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

Hooks argues that the proposed amended claims for unseaworthiness and Jones Act negligence would fail because the alleged undisputed facts show that Lee was not an employee or borrowed employee of Hooks and was not a member of the crew of the M/V Nicholas. Hooks also argues that the claims are futile because the alleged undisputed facts show that Hooks was not the owner or owner pro hac vice of the M/V Delta Amber by virtue of a demise[4] or bareboat charter of the M/V Delta Amber, but instead chartered the vessel for a time charter. Hooks argues that under the oral time charter, Delta Towing retained liability for seaworthiness of the M/V Delta Amber and liability to its employees under the Jones. Act.

In response, Lee argues that the facts alleged regarding the demise or charter agreement and Hooks control, command and possession of the M/V Delta Amber, when viewed in the light most favorable to him[5] establish that his unseaworthiness and Jones Act claims are not subject to dismissal. Lee also argues that application of the nine factors found in *Ruiz v. Shell Oil Co.,* 413

---

[4] In support, Hooks states that "demise, or bareboat charters must be in writing." (Doc. 106, p. 7) However, Hooks did not cite any legal authority in support. Therefore, this statement does not advance the argument that Hooks is not the owner or owner pro hac vice of the M/V Delta Amber.

[5] Lee also argues that his proposed amended complaint would survive a motion for summary judgment because taking the facts in the light most favorable to Hooks, the non-movant, demonstrates that there are genuine issues of material fact as to the extent of Hooks' control over the M/V Delta Amber as well as the employer/employee relationship of Lee to Hooks. However, application of a summary judgment analysis is not necessary at this time.

5

F. 2d 310 (5th Cir. 1969) to the facts alleged, establishes that his Jones Act claims, based upon his status as Hook's borrowed employee, are not subject to dismissal.

The Court finds that the proposed amended complaint appears to contain "sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). The facts may end up showing that Lee was not an employee of Hooks, when thoroughly analyzed under the *Ruiz* factors. However at this stage of the litigation, the Court cannot say the claims are futile based on the limited facts of record.

**DONE** and **ORDERED** this the 10th day of May 2016.

    **s/ Kristi K. DuBose**
    **KRISTI K. DuBOSE**
    **UNITED STATES DISTRICT JUDGE**