UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF DELTA TOWING, | ) | |
| LLC, AS OWNER OF THE M/V DELTA | ) | |
| AMBER, AND DELTA MARINE SERVICE, | ) | |
| INC., AS PURPORTED OWNER, | ) | CIVIL ACTION NO. 15-00128-KD-M |
| BROKER, CHARTERER, OR *PRO HAC* | ) | |
| *VICE* OWNER OF THE M/V DELTA | ) | |
| AMBER, FOR EXONERATION FROM | ) | |
| OR LIMITATION OF LIABILITY. | ) | |
| | | |
| MIKE HOOKS, INC., and | ) | |
| GULF COAST MARINE, LLC, | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 15-00136-KD-N |
| | ) | |
| DELTA TOWING, LLC and | ) | |
| DELTA MARINE SERVICES, INC. | ) | |
|     DEFENDANTS. | ) | |
| | | |
| BILLY LEE, | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 15-00295-KD-N |
| | ) | |
| MIKE HOOKS, INC., OWNER OF THE | ) | |
| M/V NICHOLAS, *in personam.* | ) | |
|     DEFENDANT. | ) | |

**ORDER**

This action is before the Court on Mike Hooks, Inc.'s Third Party Demand and Rule 14(c) Tender (doc. 120, ¶¶ 71-73); Delta Towing, LLC, and Delta Marine Service, Inc.'s motion to dismiss the Rule 14(c) Tender (doc. 124), Billy Lee's joinder in their motion to dismiss (doc. 126), Hooks' opposition (doc. 128), and Delta's reply (doc. 131). Upon consideration, and for the reasons set forth herein, the motion to dismiss the Rule 14(c) Tender is GRANTED.

I. Background

In October 2014, while the tow boat M/V Delta Amber was hip-towing the dredge tender

M/V Nicholas, they capsized in rough water in Mobile Bay. Billy Lee, Captain of the M/V Delta Amber, filed a complaint alleging general maritime negligence against Hooks, the owner of the M/V Nicholas. Lee designated his claim as within the admiralty or maritime jurisdiction pursuant to Fed. R. Civ. P. 9(h)[1] (doc. 30; Civil Action No. 15-0295-KD-N). Hooks filed a complaint against Delta alleging omissions and/or acts of fault and negligence by Delta as the owner, broker or charter of the M/V Delta Amber (doc. 11, Civil Action No. 15-0136-KD-N). Ultimately, the actions were consolidated with Delta's petition for exoneration and limitation (Civil Action No. 15-0128-KD-N). James and Kayla McBroom and David and Janet Curtis filed claims in the limitation action. All parties have filed numerous counterclaims, cross-claims and third party claims.

Relevant to this motion, in his original complaint, Lee brought one count for negligence alleging that Hooks as the owner of the Nicholas breached its duty to Lee to provide a seaworthy vessel for towing. Lee alleged that the unseaworthy condition of the Nicholas, improper bilge pumps which caused the vessel to take on water, resulted in the capsize of the Nicholas and the Delta Amber (doc. 30)

Hooks answered the complaint and raised affirmative defenses. Hooks also counterclaimed against Lee alleging liability to Hooks because of Lee's fault, negligence, acts or omissions in the operation of the Delta Amber, which caused the Nicholas and the Delta Amber to sink.

Hooks made a third party demand against Delta alleging liability to Hooks because of the omissions and/or acts of fault and negligence of the crew of the Delta Amber including Captain Lee. Specifically, Hooks alleged that Lee navigated the Delta Amber at an excessive speed and in an

---

[1] *Certain Underwriters at Lloyd's London & Certain Ins. Companies v. Cameron Int'l Corp.*, 2016 WL 3199354, at *1 (S.D. Tex. Feb. 11, 2016) ("A defendant may invoke Rule 14(c)(1) whenever the plaintiff has asserted a claim which has been specifically identified in the complaint as one in admiralty pursuant to Rule 9(h), or (2) when it is apparent from a reading of the complaint that admiralty jurisdiction is the only basis for federal subject matter jurisdiction over the action.") (quoting *Harrison v. Glendel Drilling Co.,* 679 F. Supp. 1413, 1418 (W.D. La. 1988)).

improper manner by suddenly changing course and speed, that he failed to reduce speed when the Nicholas was caught on the port rail, and that the crew failed to have proper equipment on board (Doc. 33, p. 10-13).

Delta answered the third party demand and counterclaimed against Hooks. Delta alleged that Hooks was negligent in tendering the unseaworthy Nicholas for tow and negligently navigating the Nicholas, which caused it to take on water and cause both vessels to capsize (Count One). Delta also claimed indemnification and contribution from Hooks for the damage to the Delta Amber and the injury to her crew (Count Two) (doc. 53, p. 6-14).

Lee moved to amend his complaint against Hooks and the motion was granted.[2] On amendment, Lee re-alleged claims from his original complaint: Count I for unseaworthiness as to the Nicholas against Hooks and Count IV for negligence against Hooks alleging that it owed a duty to provide a seaworthy vessel for towing, but instead provided the unseaworthy Nicholas. He also added Count III for negligence *per se* against Hooks on basis that certain conditions on the Nicholas violated federal safety regulations.

Lee also added claims based on the new legal theory that Hooks was the manager, operator or charterer of the Delta Amber, exercised control over that vessel, and therefore, owed certain duties to the crew of the Delta Amber including Lee as Captain. Lee alleged that the crew of the Nicholas created the unseaworthy condition of the Delta Amber and that Hooks breached its duty to the Delta Amber crew to have the Nicholas manned by a seaworthy crew (Count I). Lee brought Count II for unseaworthiness as to the Delta Amber alleging again that the unseaworthiness of the Nicholas and its crew created an unseaworthy condition on the Delta Amber. Last, Lee brought

---

[2] Lee's motion for leave to amend was made beyond the deadline for amendment of pleadings November 20, 2015. However, the Court found that Lee had exercised diligence in pursuing discovery and that good cause existed to allow a modification to the Rule 16(b) Scheduling Order for the "narrow purpose of allowing Plaintiff Lee to amend his complaint" (doc. 117, p. 3).

Count V for Jones Act negligence. Lee alleges that he was a 'borrowed servant" of Hooks because of the control exercised by Hooks over the Delta Amber and her crew; and therefore, Hooks owed Lee a safe place to work (Doc. 118).

In response, Hooks filed an answer, affirmative defense, counterclaim against Lee, third party demand against Delta, and the Rule 14(c) tender (doc. 120). Pursuant to Fed. R. Civ. P. 14(c), Hooks tendered Delta as a direct defendant such that Delta "must defend" Lee's claims as well as Hooks' third party demand against Delta (doc. 120, p. 12). Hooks demanded judgment in its favor and against Delta. (Id.). Hooks did not demand judgment in favor of Lee.

II. Statement of the law

Delta now moves to dismiss the Rule 14(c) tender (doc. 124). Rule 14, captioned "Third-Party Practice", sets forth in relevant part, as follows:

> (c) Admiralty or Maritime Claim.
>
> (1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable--either to the plaintiff or to the third-party plaintiff--for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
>
> (2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c).

Rule 14(c) allows a defendant to implead a person who may be directly liable to a plaintiff for at least a portion of the plaintiff's claims against the defendant. Generally, impleader is

desirable in maritime and admiralty actions because of "the possibility of inconsistent results in separate actions, the alternative of conducting two actions involving substantially the same evidence, and the possibility of the third party [and its assets] disappearing." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1465 at 481 (3d ed.) (April 2016 Update) (bracketed text added): *Texaco Exploration & Production Co. v. AmClyde Engineered Products Co.*, 243 F.3d 906, 910 (5th Cir. 2001) ("This unique liberal joinder policy served to reduce the possibility of inconsistent results in separate actions, eliminate redundant litigation, and prevent a third party's disappearing if jurisdiction and control over the party and his assets were not immediately established.")

III. Analysis

    A. Sufficiency of the Pleading

"To survive a motion to dismiss, a [third party demand] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (bracketed text added). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." *Id.* (bracketed text added); *see Pharma Supply, Inc. v. Stein,* 2015 WL 392084, at *4 (S.D. Fla. Jan. 28, 2015) (applying *Twombly* and Rule 8(a) to find that defendants' counterclaims and third-party complaint failed to satisfy pleading requirements).

Hooks' demand and tender state as follows:

Third Party Demand and Rule 14(c) Tender

71.

Mike Hooks re-asserts, adopts, and incorporates by reference herein each

and every one of its allegations in support of its third party demand[3] against Delta Towing, LLC and Delta Marine Services, Inc.

72.

Pursuant to Fed.R.Civ.Proc. 14(c), Mike Hooks tenders Delta Towing, LLC and Delta Marine Service, Inc. as a direct defendant such that Delta Towing, LLC and Delta Marine Service, Inc. must defend against Billy Lee's claim as well as the third party demand of Mike Hooks.

73.

WHEREFORE, after due proceedings had, Third Party Plaintiff Mike Hook, Inc. prays that there be judgment in its favor and against Defendants Delta Towing, LLC and Delta Marine Services, Inc.; that Third Party Plaintiff be awarded all its damages; that Third Party Plaintiff be awarded costs, attorney fees, and pre and post judgment interest; and for all other general and equitable relief to which it is entitled.

(Doc. 120, p. 12).

Rule 14(c)(1) addresses the "scope of impleader" in an admiralty or maritime action and provides that a third-party plaintiff such as Hooks may bring in a third-party defendant like Delta "who may be wholly or partly liable -- either to the plaintiff or to the third-party plaintiff-- for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 14(c)(1). In *Intern.l Marine, LLC v. FDT, LLC*, 2014 WL 7240143 (E.D. La. Dec. 19, 2014) (appeal dismissed (Oct. 19, 2015)), the Eastern District of Louisiana discussed the purpose of Rule 14(c) as follows:

> Rule 14(c) "permits a defendant to implead a third-party defendant for two purposes: (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff." *Ambraco,* 570 F.3d at 242. When the third-party plaintiff invokes the 14(c) tender option, the plain language of Rule 14(c)(2) requires that the tender of the third-party defendant to the plaintiff is

---

[3] Hooks alleged that Delta was the owner of the Delta Amber, employer of her crew and Captain Lee and responsible for their acts, omissions, fault and/or neglect. Hooks alleged that the crew and Captain Lee were negligent in navigating the Delta Amber at excessive speed, failing to reduce speed, making an improper change of course and speed, and failing to have proper equipment, and that Delta failed to employ a properly trained captain and crew (doc. 33, p. 1).

> automatic. In pertinent part, Rule 14(c)(2) provides that if the third-party plaintiff "demand[s] judgment in the plaintiff's favor, then the third-party defendant must defend against both the plaintiff's claim and against the third-party plaintiff's claim. Fed.R.Civ.P. 14(c)(2) (emphasis added). Under such circumstances, "the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff." *Id.*

2014 WL 724013, at *9 (citing *Ambraco, Inc. v. Bossclip B. V.*, 570 F.3d 233, 243 (5th Cir. 2009)).

Hooks states that he tenders Delta as a "direct defendant" under "Fed. R. Civ. P. 14(c)" who "must defend against Billy Lee's claim as well as the third party demand of Mike Hooks" (doc. 120, p. 12). Thus it appears that Hooks is seeking to tender Delta to Lee. *See, Royal Ins. Co. of America v. Southwest Marine*, 194 F.3d 1009, 1018 (9th Cir. 1999) (finding the Rule 14(c) tender sufficient although it did not contain specific language demanding judgment against the third-party defendant in favor of the plaintiff).

Delta asserts that Hooks fails to state a factual basis from which Delta could plausibly be liable. Hooks responds by pointing to its original third party demand that alleged that Delta was responsible, based on the negligence of the crew of the Delta Amber, for the capsizing incident. These allegations are sufficient to put Delta on notice of the basis of the tender to Lee's claims.

B. Untimely amendment to pleading

Delta argues that the instant Rule 14(c) tender should be dismissed because it was made beyond the November 19, 2015 deadline for amendments to pleadings and joinder of parties. Hooks responds that he could not have plead a Rule 14(c) tender of Delta to answer and defend Lee's new claims (which are based on Hooks' status as a manager, operator or charterer or entity in control of the Delta Amber) until those claims were raised in Lee's amended complaint.

The court disagrees. As of April 8, 2015 (Doc. 8) and again on June 18, 2015 (Doc. 33), it was Hooks position that Delta was responsible for the capsizing of the Amber Delta and the

Nicholas. Hooks was also aware that as of June 2, 2015, Lee was no longer claiming that Delta was at fault. Although Lee has asserted new theories of why Hooks is liable, Hooks has always claimed that Delta is liable for the capsizing incident instead of Hooks. Thus, Hooks could have tendered Delta in its original answer to Lee.

III. Conclusion

Upon consideration of the foregoing, the motion to dismiss Hooks' Rule 14(c) tender of Delta is GRANTED.

**DONE** and **ORDERED** this the 7th day of October 2016.

**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**